Modesto Cobián Rivera, Plaintiff and Appellee, v. Manuel Espina, Defendant and Appellant.

No. 7320. Argued June 1, 1936.—Decided June 4, 1936.

*J. J. Fuertes* for appellant. *Llorens Torres & O'Neill* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is an appeal from a judgment of a district court rendered on February 26, 1936, and notified on the 28th, dismissing an appeal taken before it from a judgment of a municipal court rendered in an action of debt, and from a

decision of the said district court of April 2, 1936, notified on the 6th, refusing to reconsider its judgment.

The appeal was taken on April 15, 1936, and the appellee has moved to dismiss it because it was taken too late and because it is frivolous.

The question of the interruption of the term for appeal by virtue of a motion for reconsideration is being considered anew by this Court in another case which is pending decision. Perhaps we should wait to follow in this case the definite line which is to be traced in that one. But since frivolity has also been alleged as a ground for dismissal and the frivolity is manifest, we shall dispense with considering and deciding whether or not the appeal was taken on time and dismiss it for lack of merit.

██ The judgment appealed from is as follows:

"The transcript of the record in this case was filed on November 20, 1935 and the parties were notified by the clerk on the same day. Subsequently readings of the general calendar were held on December 15, 1935, January 15, and February 15, 1936, in accordance with the rules of the court. The defendant-appellant has not requested the inclusion of the case for hearing in the calendar or docket of civil cases, at any of the said calendars subsequent to the filing of the transcript of the record.

"Therefore, in view of Section 3(a) of the Act regulating Appeals from Judgments of Municipal Courts in civil cases, amended by Act no. 31 of 1934, the motion of the plaintiff is granted and the appeal taken by the defendant from the judgment of the municipal Court of San Juan, Second Section, of October 31, 1936, is dismissed, with costs to the plaintiff. The clerk will notify the lower court of this judgment, for such purposes as may be proper."

And the act applied provides:

"The secretary of the district court shall place the cause on the docket of civil actions, serving notice on the parties in interest. The appellant shall request the inclusion of said action in the calendar of civil actions in the first reading that may be held subsequent to the filing of the case . . . If the appellant fails to request the inclusion of the case in the calendar, the district judge shall dismiss the appeal, imposing the costs on the appellant; and the secretary

shall immediately return the cause to the inferior court for the execution of the judgment appealed from." Sec. 3, Laws of 1934, Law 31.

The above act has been construed by this Court on several occasions. We copy from the case of *Manrique* v. *Court*. 48 P.R.R. 600:

"The foregoing provisions are identical with those contained in section 3 of Act No. 93, promulgated on March 31, 1919, and published as an appendix to volume II of the Laws of 1917. Construing the said provisions in the case of *Marrero* v. *Müller*, 35 P.R.R. 339, this court said:

" 'We have been in some doubt as to whether the provisions of this Act of 1917 were totally mandatory, and likewise whether they did not leave some discretion in the district court, but on the whole we are convinced that the idea of the Legislature was that the inclusion in the calendar was one of the necessary steps by which an appellant perfected his appeal. The appellant does not question that it is the duty of the court to dismiss an appeal if the case is actually not included by reason of the failure of the appellant so to request. On the theory of such imperative duty on the part of the appellant he was bound to act immediately. He could have saved all question by requesting the secretary to include his case in the first call of the calendar, or take some other appropriate step. We regret the necessity for the action in this case, but it seems to be a matter of *lex scripta*, a specific determination by the Legislature.'

"This doctrine was confirmed in the case of *Morales* v. *District Court*, 35 P.R.R. 835, and in the case of *Guerra* v. *Carrión*, 47 P.R.R. 757, where it is said that there is no question as to the mandatory nature of the statute. The Legislature of Puerto Rico, being aware of the viewpoint of this court, incorporated the said act of 1917, which had been held not to have been property enacted at the time, into our legislation of 1934.

· · · · · · · ·

" . . . It is not possible to establish exceptions; the letter of the law clearly expresses the intention of the lawmaker, and no district court may refuse to dismiss an appeal where the mandate of the statute has not been complied with."
Pages 602, 603.

The ground alleged for reconsideration was the illness of the attorney for the appellant. The District Court con-

sidered it insufficient. We see no justifiable reason for altering its conclusion.

The appeals taken must be dismissed as frivolous.

Mr. Justice Córdova Dávila took no part in the decision of the case.